Jane Doe, a minor child, by and through her
Mother and Legal Guardian, Mary Doe[1],

    Plaintiff,

v.

White County School Board of Education
and Kurt Dronebarger, Director of White
County Schools, in his official capacity,
Montuka Murray, White County Middle School
Principal, in his official capacity,
Austin Allen, in his individual and
Official capacities, and School Official
Does 1-5,

    Defendants.
_____/

Case No.

Judge
JURY DEMAND

# COMPLAINT

Jane Doe ("Jane") was a student at White County Middle School ("WCMS"). During the 2022-2023 and 2023-2024 academic years, Jane was subjected to victimization, grooming, sexual harassment, sexual assault, and rape by former WCMS teacher Austin Allen ("Mr. Allen") due to WCMS's pattern and practice of deliberate indifference to its female students' complaints of sexual harassment by male teachers. This indifference contributed to a culture that ultimately allowed Mr. Allen to sexually assault Jane.

Prior to the assault by Mr. Allen, during the 2022-2023 academic year, students and other

---

[1] Jane is a minor whose name is reflected as a pseudonym pursuant to Federal Rule of Civil Procedure 5.2 to protect her identity. Likewise, her mother, Ms. Doe's name is made to protect Jane's identity. After assignment of a case number, Plaintiff will file Motion for Leave to Proceed under these Pseudonyms, so that the minor's name is not made public vis-à-vis the identification of her mother. Defendants are aware of Plaintiff's identity.

WCMS teachers reported to administration that another male teacher, Mr. Ross, was engaging in inappropriate behavior toward Jane and other female students. Nothing was done but to blame the female student for "spreading rumors." The message was clear to the female students: we won't believe you and we will blame you.

Prior to the sexual assault of Jane, WCMS received at least one report that Mr. Allen was engaging in sexually inappropriate behavior toward female students. The principal and administration brought Mr. Allen into the office and performed a cursory check of his cell phone; however, WCMS failed to notify DCS, open a Title IX case or even notify their Title IX Coordinator of any of these reports against Mr. Allen as they were required to do under Tennessee law. Again, nothing was done.

During the 2023-2024 academic year, Mr. Allen singled out the female students that had been harassed by Mr. Ross, boasting that pursuing these same students without being reprimanded "made the game much funner [sic]." Mr. Allen's behavior began to escalate from having these female students sit close to him and hugging them to sending them sexually explicit messages and photographs via Snapchat. Mr. Allen would ask these same girls what Mr. Ross would say or do to them. As a result of White County's pattern and practice of deliberate indifference to the rights of its female students by failing to properly respond to complaints of inappropriate behavior regarding male teachers, Jane felt she could not report Mr. Allen for fear of retaliation and accusations of being a liar and a "problem."

On October 2, 3, and 4, 2023, Mr. Allen sexually assaulted Jane and created videos of his assaults her. He did the same with other female students. Mr. Allen brought this child pornography to campus and forced Jane and other female students to watch it in his classroom. On October 27, 2023, Mr. Allen was arrested for the rape of Jane and other crimes. Mary Doe ("Ms. Doe") did not

learn of the assaults by WCMS, but rather by DCS. Ms. Doe was forced withdraw Jane from WCMS and enroll her in a public school system in another county. However, Ms. Doe ultimately had to withdraw Jane from that school as well because the students had heard what happened to Jane at WCMS and harassed her.

White County violated Jane's rights under Title IX, her constitutional rights of bodily integrity and to be free from the encroachment of others, and negligently retained Allen after its first credible report he was sexually harassing female students.

## PARTIES

1. Plaintiff, Jane, a minor child, and her mother, Ms. Doe, are citizens and residents of White County, Tennessee.

2. Defendant, White County Board of Education is a Tennessee governmental entity organized and existing under the laws of the State of Tennessee.

3. Kurt Dronebarger is a citizen and resident of White County, Tennessee. Kurt Dronebarger serves as the Director of Schools for White County Board of Education and is made a party in his official capacity.

4. Montuka Murray, is a citizen and resident of White County, Tennessee. Montuka Murray White County Middle School Principal and is a party in his official capacity

5. Austin Allen is a citizen and resident of Putnam County, Tennessee and is believed to be in custody in White County Jail currently. Allen is made a party in his individual and official capacity.

6. School Official Does 1-5 are employees or administrators of WCMS who may have liability but are not yet identified.

## JURISDICTION AND VENUE

7. This is an action for the denial of equal protection of the laws under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*, and 42 U.S.C. § 1983.

8. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

**FACTS**

9. Jane is a minor child and a former student of White County Middle School ("WCMS"). She attended WCMS until October 25, 2023. During the 2022-2023 academic school, Jane was enrolled as a Sixth grader and was subsequently enrolled as a Seventh grader during the 2023-2024 academic school year.

**Hiring of Austin Allen**

10. Austin Allen ("Mr. Allen") signed an employment contract with White County Board of Education ("White County") in August 2019 when he was officially hired to be a Teacher and a Coach at White County Middle School ("WCMS").

11. Prior to his employment at WCMS, Mr. Allen completed his student teaching program at Upperman Middle School in Putnam County, Tennessee, from October 21, 2018, to April 26, 2019.

12. Upon information and belief, Mr. Allen engaged in grooming behavior towards young female students while at Upperman Middle School and even bragged to another student at WCMS how he had gotten away with such behavior.

**2022-2023 School Year**

13. Upon information and belief, during the 2022-2023 school year, several teachers reported Mr. Allen to WCMS' administration for inappropriate behaviors toward female students, including having them sit by him at his desk during class, hugging them, and putting his arms

around them.

14. In response, WCMS principal, Montuka Murray ("Mr. Murray"), and other administrators performed a cursory inspection of Mr. Allen's cell phone but took no further steps to report or investigate the serious allegations despite being under a duty to do so pursuant to T.C.A. §§ 37-1-403(a)(4), 37-1-605(a)(4).

15. White County failed to open a Title IX case, and they failed to notify the Title IX Coordinator of the reports of Mr. Allen's behavior. Furthermore, the female students were not interviewed, nor were their parents contacted.

16. As a result, Mr. Allen was not removed from his position and thus, White County provided him the opportunity to continue grooming and sexually abusing several other female students.

**WCMS'S HISTORY OF IGNORING COMPLAINTS BY FEMALE STUDENTS**

17. During the 2022-2023 school year, Jane was a 6th grader at WCMS. Jane, as well as other female students, began to be groomed and sexually harassed by another male teacher, Mr. Ross.

18. Jane reported Mr. Ross to her mathematics tutor. The tutor told Jane to go to the office to report the harassment.

19. Jane reported the harassment by Mr. Ross on a Tuesday.

20. By Friday of that same week, the school administrators called Ms. Doe and advised her, "to tell her daughter to stop spreading rumors about teachers."

21. Ms. Doe was subsequently called into a meeting at WCMS wherein administrators blamed Jane for Mr. Ross' behavior toward her and that Mr. Ross' career was in jeopardy due to Jane's complaints.

22.     Upon information and belief, five other students also came forward regarding Mr. Ross' sexually inappropriate behaviors. However, WCMS administrators continued to victim-shame and blame Jane.

23.     WCMS administrators stated that Jane's "rumors" could not be corroborated. Ultimately, WCMS administrators dismissed the reports and did not take any further action or offer solutions.

24.     WCMS administrators did, however, take action against Jane, telling Ms. Doe that Jane was a "problem child" who would no longer be allowed to use the restroom during class because she was seen as an "issue" due to her reports of Mr. Ross.

25.     Mr. Ross was allowed to continue teaching at WCMS for the duration of the 2022-2023 academic school year. His contract was simply non-renewed for the 2023-2024 academic school year.

**2023-2024 School Year**

26.     The same administration who oversaw the 2022-2023 academic year, also oversaw the 2023-2024 academic year.

27.     During the 2023-2024 academic year, Jane, who was enrolled as a 7th grader, was in Mr. Allen's class when he began to groom her.

28.     Upon information and belief, Mr. Allen engaged in the same behavior with other young female students while he was a student teacher at Upperman Middle School.

29.     Mr. Allen bragged to WCMS female students that he has engaged in the same behavior at Upperman Middle School and received no reprimand for such behavior.

30.     One tactic Mr. Allen used to groom Jane and other students included distributing nicotine vape devices to them. He would instruct them to leave their coats in his classroom and

when they picked up their coats at the end of the day, he would have put vapes in the pockets for them to take home.

31. Another grooming tactic Mr. Allen used with Jane was completing assignments for her and then giving her high grades.

32. On one occasion, he wrote an entire paper for her in his own handwriting that he "turned in" (to himself) under her name and gave her a grade for it.

33. Jane often did not complete work for his class at all because he had her sit next to him all the time, but regardless, she received a high overall grade for his class.

34. Other teachers communicated and reported Mr. Allen's sexually inappropriate behavior to school administrators. Upon information and belief, teachers had been reporting his behavior since the 2022-2023 academic year.

35. White County alerted Mr. Allen to a potential "investigation." However, White County merely performed a cursory check of Mr. Allen's cell phone but took no effective action to investigate, allowing Mr. Allen to continue harassing female students.

36. Subsequently, during the Fall 2023 semester, Mr. Allen's tactic began to escalate from hugging to sending Jane sexually explicit images and videos via Snapchat, as well as other sexually exploitative behaviors.

### Mr. Allen's Sexual Assault of Jane

37. On October 2, 3, and 4, 2023, after weeks of grooming Jane, Mr. Allen sexually assaulted her.

38. Mr. Allen created video recordings of these assaults and later sent them to the other female students he was grooming.

39. Mr. Allen forced not only Jane to watch this child pornography, but he also forced

the other female students he was grooming to watch these videos in his classroom.

40. Over the next few weeks, Jane was frequently sick and often needed to leave school early.

41. Sometime in October 2023, another female student reported to one of her White County teachers that Mr. Allen was sending her explicit Snapchat messages and photos using a fake Snapchat username.

### Mr. Allen's Arrest and JANE's Withdrawal from WCMS

42. On October 23, 2023, Jane told her mother, Ms. Doe, that Mr. Allen had been removed from school due to allegations that he had been sending explicit images to another student.

43. On or around October 25, 2023, after being notified that Jane was not feeling well, Ms. Doe went to pick her daughter up from school.

44. When she arrived, Ms. Doe was greeted at the front desk by an employee of the Department of Children's Services ("DCS"), who stated that they needed to discuss Mr. Allen.

45. This was the first time Ms. Doe was notified that Jane had been groomed, sexually harassed, and raped by her teacher.

46. DCS provided this information to Ms. Doe, not White County. To date, White County has never contacted Ms. Doe regarding the sexual harassment and assault her daughter suffered at the hands of its employee, Mr. Allen.

47. On October 27, 2023, Jane was interviewed by Upper Cumberland Child Advocacy Center in Cookeville, TN.

48. On the evening of October 27, 2023, Mr. Allen was arrested on three counts of rape of a child – Jane.

49. By January 2024, Mr. Allen was ultimately charged with two counts of continuous sexual abuse of a child, four counts of rape of a child, two counts of soliciting sexual exploitation of a minor by electronic means, and one count of especially aggravated sexual exploitation.

50. On October 28, 2023, Mr. Allen was officially terminated by the Director of Schools, Kurt Dronebarger ("Mr. Dronebarger"), for violating School Board Policy #5.201.

51. Ms. Doe withdrew Jane from WCMS and enrolled her in a public school in a different county.

52. However, Jane was subjected to bullying by other students because they were aware of what happened to Jane at WCMS.

53. As a result, Ms. Doe had to withdraw Jane from public school altogether.

54. In December 2023, Jane began receiving therapy.

## White County's Failure to Protect Jane

55. All of these events occurred after White County failed to take seriously complaints of sexually harassing behavior made by female students and ultimately failed to protect its students from Mr. Allen, and another male teacher, Jacob Ross ("Mr. Ross").

56. White County ignored numerous student and teacher complaints of inappropriate conduct by both Mr. Allen and Mr. Ross. However, these complaints and reports were ignored by White County.

57. White County failed to report or investigate the serious allegations by its female students and by other teacher about Ross and Allen despite being under a duty to do so pursuant to T.C.A. §§ 37-1-403(a)(4), 37-1-605(a)(4).

58. White County's pattern and practice of deliberate indifference to its students' complaints of sexual harassment by staff established that Jane and other student victims of sexual

harassment and assault would not be believed, but that they would be blamed, that their complaints would not be investigated, and their perpetrators would not be disciplined or removed from the school.

59. Upon further information and belief, Mr. Allen deliberately targeted the same female students that Mr. Ross had previously harassed during the 2022-2023 school year.

60. Mr. Allen bragged to a student that engaging in the same harassing behaviors with the same young female students at WCMS and not being reprimanded "makes the game that much funner [sic]."

61. Mr. Allen would ask these female students what Mr. Ross would say and do to them.

62. As a direct result of White County's pattern and practice of deliberate indifference to the rights of its female students by failing to properly respond to complaints of inappropriate behavior regarding its teachers, Jane felt she could not report Mr. Allen for fear of retaliation and accusation of being called a liar and a "problem."

## COUNT I
### Title IX, 20 U.S.C. §1681- White County

63. Plaintiff restates and incorporates herein the foregoing paragraphs.

64. Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participating in, be denied the benefit of, or be subjected to discrimination under any educational program or activity receiving federal financial assistance."

65. White County receives federal funding, including but not limited to funding under Title IX of the Educational Amendments of 1917, 10 U.S.C. § 1681(a).

66. Despite multiple reports of sexually inappropriate behaviors made by teachers, Jane, and several female students, Jane was allowed to be groomed, sexually harassed, and

sexually assaulted. The actions taken against Jane were based on her sex, female.

67. White County was on notice of the sexual harassment being perpetuated by Ross and Allen.

68. White County did not open a Title IX investigation, nor did they alert their Title IX Coordinator, into Jane's complaints of Mr. Ross, though at least five female students and other teachers had reported similar behavior from Mr. Ross to administrators. White County instead proceeded to victim-blame Jane, which made her believe that she could not report Mr. Allen's on-going grooming tactics, sexual harassment, and sexual assaults, including rape, for fear of being called a liar and a "problem."

69. Jane was forced to watch videos of her teacher not only sexually assaulting her classmates, but she was also forced to watch the video of her own sexual assaults in her assaulter's classroom.

70. Jane was not interviewed by White County administrators nor was her mother contacted by White County administrators regarding the grooming, sexual harassment or sexual assaults Jane experienced.

71. Jane has been denied access to educational opportunities or benefits. The Defendants have actual knowledge of two male teachers' sexually inappropriate behaviors toward not only Jane, but also other female students at the school. Defendant White County has been deliberately indifferent to the rights of its female students to attend school in an atmosphere from grooming, sexual harassment and sexual assault.

72. White County is vicariously liable for the acts of its teachers who it puts in contact with students, including Ross and Allen.

73. The grooming, sexual harassment, sexual assault, rape, creation and distribution

of child pornography depicting the assault and rape of children by an adult was severe, pervasive, and objectively offensive. White County had a responsibility to the minor students entrusted in its care and was in a position to prevent these events; instead, it acted willfully, intentionally, maliciously and/or deliberately indifferent to the students in its care and in doing so, illegally discriminated against Jane on the basis of her sex.

74. As a direct and proximate consequence of the deliberate indifference with regard to the aforementioned event, including sexual assault and rape, shown by Defendant, Jane has suffered damages and the Defendant is liable for all injuries sustained by Jane proximately caused by its violation of the law.

## COUNT II
### Equal Protection, 42 U.S.C. §1983- White County, Dronebarger, Montuka

75. Plaintiff restates and incorporates herein the foregoing paragraphs.

76. Jane enjoys the right as an American public-school student under the Fourteenth Amendment of the United States Constitution to personal security, bodily integrity, and equal Protection of the Laws.

77. Defendants subjected Jane to violations of her right to bodily integrity, personal security, and Equal Protection of the Law by treating her disparately as a female and acting with deliberate indifference to ongoing grooming, sexual harassment, and sexual assault. Defendants failed to take appropriate preventative measures, failed to adequately investigate reports and complaints of sexual misconduct made by teachers and female students, failed to remediate ongoing complaints of sexual misconduct by two male teachers, and instead acted with deliberate indifference to the grooming, sexual harassment, sexual assault, and rape experienced by Jane.

78. Defendants acting under the color of the law, deprived Jane of her rights to personal security and bodily integrity by failing to appropriately prevent, investigate, and

remediate violations of its female students' rights by male teachers.

79. White County further deprived Jane of her rights by disregarding its duty to protect students from violations of their rights to personal security, bodily integrity, and Equal Protection under the Law.

80. Defendants engaged in a pattern and practice of ignoring the complaints of its female students. Jane was groomed, sexually harassed, and sexually assaulted by a male teacher of White County Schools. This occurred after Defendants White County and Dronebarger were made aware of allegations of ongoing sexual harassment that was reported by other teachers and victimized students. Jane's rights were ignored.

81. Jane has been denied access to educational opportunities or benefits. The Defendants had actual knowledge of these two male teachers not only grooming and sexually harassing Jane, but Defendants also had actual knowledge of other female students being groomed and sexually harassed by the same two male teachers. White County agents told Jane to stop "spreading rumors" when she reported sexual harassment by one of these teachers and was later prohibited from using the restroom during class because she was deemed a "problem child." The Defendants have been deliberately indifferent to these events.

82. Thus, Defendants, at least implicitly, authorized, approved or knowingly acquiesced to the unconstitutional conduct of its male teachers and in doing so, acted in a manner demonstrating deliberate indifference to the likelihood of future sexual abuse by Allen.

83. The grooming, sexual harassment, sexual assault, rape, and creation and distribution of child pornography depicting the assaults and rape of minor students by its employee were severe, pervasive, and objectively offensive. The Defendants, being in a position to prevent all these events, instead acted willfully, intentionally, and/or deliberately indifferent to it and, in

allowing the same, illegally discriminated against Jane.

84. The Defendants' actions and inaction were undertaken as a part of a custom or policy of such action or in action, and/or were undertaken by employees with final policymaking authority of indifference to the rights of bodily integrity of students like Jane who were subjected to repeated grooming, sexual harassment, and sexual assault.

85. Defendants took affirmative actions and created a special danger for Jane when the Defendants allowed two male teachers known to act in a sexually harassing way toward female students to not only continue teaching, but also to be left alone with young female students, placing Jane in special danger.

86. This conduct was outrageous and shocks the conscience of society.

87. As a result of defendant's deliberate indifference to Jane's rights under the Fourteenth Amendment, Jane suffered and continues to suffer injuries including emotional distress from the sexual harassment, sexual assault, and rape.

**Count III**
**Equal Protection, 42 U.S.C. §1983**
**Violation of Substantive Rights to Due Process- White County, Dronebarger, Montuka**

88. Plaintiff restates and incorporates herein the foregoing paragraphs.

89. Defendants violated Jane's rights to substantive due process when they deprived her of her right to "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

90. Defendants entered into a special relationship with Jane when she enrolled into school and Jane's harassers and assaulters were employees of the Defendants.

91. Defendants, including Montuka Murray, in his capacity as principal, created a special relationship, created a danger, and acted with a deliberate indifference that deprived Jane of her substantive due process rights.

92. Defendants, despite having control over the students, failed to provide students with any ability to seek help from their teachers and deliberately placed two male teachers known to be sexually aggressive toward female students into classroom with little to no oversight.

93. Defendants, in their official capacities, created a special relationship, created a danger, and acted with deliberate indifference that deprived Jane of her substantive due process rights when they took no action toward neither teacher's ongoing inappropriate sexual behavior, though numerous complaints has been lodged against them by other teachers and female student victims.

94. White County acted with deliberate indifference when it failed to investigate or notify its Title IX Coordinator of the reports of grooming, sexual harassment, and sexual assault of Jane at school, leading to Jane's withdrawal from WCMS.

95. This conduct was outrageous and shocks the conscience of society.

96. As a result of Defendants' actions, Jane suffered and continues to suffer emotional distress from the grooming, sexual harassment, and sexual assault.

## Count IV
### Negligence, Failure to Train- White County, Dronebarger, Montuka

97. Plaintiff restates and incorporate herein the allegations in the above paragraphs.

98. White County had a duty to train its administrators and employees to not discriminate against students on the basis of sex, as well as to properly investigate complaints of harassment.

99. Defendant White County breached its duty of care to Jane when its administrators and employees were made aware by that male teachers were harassing female students and they failed to properly investigate those complaints, and failed to protect female students from further harm.

100. Defendant White County breached its duty of care to Jane by negligently failing to investigate and refer to DCS or another investigatory agency, including but not limited to law enforcement, out of discriminatory animus towards Jane.

101. Defendant White County negligently failed to train its administrators and employees to ensure effective and unbiased responses to allegations of sexual harassment and had inadequate supervision and internal oversight of teachers and administrators.

102. Defendant White County's actions negligently placed Plaintiff at an increased risk of harm.

103. The culture of bias and blaming female students who made complaints caused and ratified by Defendant White County resulted in Jane to suffer increased risk of harm, retraumatization, and emotional distress. These damages were a result of Defendant White County's inadequate response to student allegations of sexual harassment by teachers.

104. This conduct was outrageous and shocks the conscience of society.

105. Jane suffered actual, psychological, and physical damages due to Defendant White County's breach of care, including traumatization and emotional distress as a result of White County's failure to properly investigate.

106. As a direct consequence of White County's acts and omissions described herein, Jane has suffered damages and the Defendant White County is liable for all injuries sustained by Jane caused by its violations of law.

## Count V
### Negligence, Failure to Train- White County, Dronebarger, Montuka

107. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

108. White County had a duty to supervise its school administrations and teachers to ensure they were not discriminating against or harassing students on the basis of sex.

109. White County had a duty to maintain and enforce policies and procedures that ensured all of its students, regardless of sex, were protected from sexual harassment by faculty or persons in positions of authority while the students were in their care.

110. White County breached its duty of care to Jane by negligently failing to investigate and claims of sexual harassment directed toward her, out of discriminatory animus towards her.

111. White County's policies and procedures were insufficient to protect Jane. White County negligently failed to train its staff and administration to ensure effective and unbiased responses to allegations of sexual harassment regarding female students like Jane and had inadequate supervision and internal oversight of administrators and teachers.

112. White County's practices negligently discouraged female students like Jane from making complaints of sexual harassment against teachers.

113. White County administrators negligently allowed sexual harassment against female students due to their inadequate training, supervision and oversight.

114. This conduct was outrageous and shocks the conscience of society.

115. Jane suffered actual emotional and physical damages due to White County's breach of care, including assault, battery, and emotional distress as a result of its negligence.

116. As a direct consequence of White County's acts and omissions described herein, Jane has suffered damages.

**COUNT VI**

### Battery – Against Defendant Allen

117. Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

118. Jane did not consent, nor can she, as she is a minor, to engage in sexual activities or intercourse with Defendant Allen.

119. Despite this lack of consent and being underage, of which Allen was aware, Allen sexually assaulted her.

120. The sexual activity by Allen was a violation of Jane's rights as a minor to not be taken advantage of by an adult in a position of authority.

121. Allen's conduct was outrageous and shocks the conscience of society.

122. As a result of the sexual assaults and creation of child pornography, Jane was physically violated by Allen and has suffered actual damages, nominal damages, and noneconomic damages including but not limited to loss of earnings, emotional suffering, and humiliation.

### RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Compensatory damages for emotional distress, mental anguish, and disruption to Plaintiff's family life, physical injury, pain and suffering, medical expenses, and all compensatory damages caused by the actions of Defendants.

3. Actual Damages;

4. Attorneys' fees and expenses;

5. Prejudgment interest and, if applicable, post-judgment interest; and

6. Declaratory relief that Defendants violated Jane's rights;

7. Punitive Damages against the individual Defendants;

8. Injunctive relief requiring Defendant to implement strict reporting procedures for Staff and Faculty who are made aware of sexual harassment of its students, and support for female students who report sexual harassment; and

9. Any such general relief that Plaintiff may be entitled.

Respectfully submitted,

HMC Civil Rights Law, PLLC

*/s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX