| | |
|---|---|
| Jane Doe, a minor child, by and through her Mother and Legal Guardian, Mary Doe,,<br><br>    Plaintiff(s),<br><br>v.<br><br>White County School Board of Education and Kurt Dronebarger, Director of White County Schools, in his official capacity, Montuka Murray, White County Middle School Principal, in his official capacity, Austin Allen, in his individual and official capacities, and School Official Does 1-5,<br><br>    Defendants. | Case No. 2:24-cv-00071<br><br>District Judge Crenshaw<br>Magistrate Judge Alistair E. Newbern |

# INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, Heather Moore Collins counsel for Plaintiff, and Courtney Read and Dan Pilkington, counsel for White County School Board of Education, Kurt Dronebarger, in his official capacity, and Montuka Murray, in his official capacity,[1] have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

A calendar date shall be proposed for each deadline.

---

[1] Defendant Austin Allen has not appeared or otherwise engaged with Plaintiff's counsel and, as a result, did not confer with the other parties with respect to this Proposed Order. Plaintiff intends to file a motion for default.

**A. JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S. C. §§ 1331, 1343(a)(4), and 1367(a).

**B. BRIEF THEORIES OF THE PARTIES:** *These statements shall briefly summarize the parties' positions and shall not be a recitation of the pleadings or argument of the claims.*

**PLAINTIFF:**

Plaintiff was a student at White County Middle School ("WCMS") during the 2022-2023 and 2023-2024 academic years. She was subject to victimization, grooming, sexual harassment, sexual assault, and rape by former WCMS teacher Austin Allen as a result of WCMS's pattern and practice of deliberate indifference to its female students' complaints of sexual harassment by male teachers. Defendant White County Board of Education ("White County") is liable to Plaintiff for its violation of Title IX because it was deliberately indifferent to Plaintiff's prior complaints of sexual harassment. White County, Defendant Kurt Dronebarger (in his official capacity) and Defendant Montuka Murray (in his official capacity) are liable to plaintiff for their violation of 42 U.S.C. § 1983, including denial of her substantive rights to due process, bodily integrity, personal security, and Equal Protection of the Law by treating her disparately as a female and acting with deliberate indifference to ongoing grooming, sexual harassment, and sexual assault. These defendants are further liable to Plaintiff for their negligence and failure to train its administrators and employees not to discriminate against students on the basis of sex, as well as to properly investigate complaints of harassment. Defendant Allen, who has failed to appear or otherwise defend himself in this action, is liable to Plaintiff for sexual battery.

**DEFENDANT:**

These Defendants deny that there was a pattern or practice of deliberate indifference to its female students' complaints of harassment by male teachers at White County Middle School. These Defendants promptly investigate students' complaints of harassment. Defendant White County Board of Education properly trains its administrators and employees not to discriminate against students on the basis of sex and to investigate complaints of harassment. These Defendants deny that they violated any of the Plaintiff's rights pursuant to 42 U.S.C § 1983 or violated Title IX in any way. These Defendants deny that they were put on notice that the Plaintiff was subject to victimization, grooming, sexual harassment, sexual assault, or rape by male teacher Austin Allen. These Defendants were not aware of any reports of sexual inappropriate behavior or sexual harassment by Mr. Allen in the 2022-2023 school year. On the day that White County school administrators were notified of inappropriate conversations and conduct by Mr. Allen towards female students, such misconduct was promptly investigated. Principal Montuka Murray immediately informed Director of Schools Kurt Dronebarger of the same. Within hours of the first report of misconduct, Mr. Murray and Mr. Dronebarger met with Mr. Allen, who was suspended indefinitely and subsequently terminated. DCS and law enforcement were immediately notified. Upon learning of Austin Allen's misconduct towards female students, these Defendants acted swiftly to investigate the allegations, which resulted in Mr. Allen's immediate suspension and termination.

C. **ISSUES RESOLVED:** Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE:** Liability and damages.

E. **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **January 3, 2025.**

F.  CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:

The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, which is **April 3, 2025.** By no later than that date, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The report shall state the specific steps taken toward case resolution, including that an offer or demand has been made and responded to and that counsel have discussed the parties' positions. The parties shall have conducted enough discovery or otherwise exchanged sufficient information to evaluate and discuss settlement substantively. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of this requirement. If the parties request referral for pro bono mediation or to a Magistrate Judge for a judicial settlement conference, they must make that request by motion. The motion shall include a statement as to why private mediation is not feasible and, if a judicial settlement conference is requested, why that is the preferable means of resolving the particular case. An updated joint report, including whether the parties have scheduled mediation or another form of ADR, shall be filed no later than 60 days before the deadline for the filing of dispositive motions.

The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

G.  DISCOVERY:

The parties intend for this matter to be consolidated for purposes of discovery with *Roe v. White County School Board of Education, et al.*, Case No. 2:24-cv-00074.

The parties shall complete all written discovery and depose all fact witnesses on or before **October 10, 2025.** Written discovery shall proceed promptly (unless otherwise provided for

4

Case 2:24-cv-00071   Document 23   Filed 12/04/24   Page 4 of 8 PageID #: 116

herein) and shall be served no later than **April 3, 2025.** Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated. All motions related to fact discovery shall be filed by no later than **September 26, 2025.**

H. **MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than **August 6, 2025.** Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**I.     DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The plaintiff(s) shall identify and disclose all expert witnesses and expert reports on or before **June 12, 2025.** The defendant(s) shall identify and disclose all expert witnesses and expert reports on or before **July 30, 2025.** All expert witnesses shall be deposed on or before **November 10, 2025.**

No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

**J.     NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

**K.     DISPOSITIVE MOTIONS:**

Dispositive motions shall be filed by no later than **January 6, 2026.** Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

L.  **ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

M.  **MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

N.  **REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg.*

*Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

O.  **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The jury trial of this action is expected to last approximately 3-4 days. The target trial date is **July 21, 2026.**

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge